## Keeley, Administrator, v. MacRae.

*William W. Smithers*, for plaintiff; *J. Hamilton Cheston*, for defendant.

ALESSANDRONI, J., May 8, 1931.—A bill in equity was filed, complaining that the defendant, residing at or near Wadesboro, Anson County, North Carolina, had obtained certain assets of the estate of George A. Taylor, and praying that the defendant render an accounting of all properties or valuables formerly belonging to George A. Taylor, deceased, and pay over to the plaintiff the value of such property or securities which it is averred had been converted by the defendant.

Defendant filed a petition, averring that on November 3, 1930, at Wadesboro, Anson County, North Carolina, an effort was made by the sheriff of that county to serve the bill of complaint upon the defendant, but no formal return of the service was made. It is further averred that the action is in personam and the court has no jurisdiction over the defendant and the service upon him, being invalid, should be set aside for want of jurisdiction.

The plaintiff properly admits that this being an action in personam extraterritorial service is not binding on defendant. The defense to the rule, however, is that no return of service is intended to be filed and the attempted service cannot be set aside as no return was made by the sheriff. No answer was filed to the defendant's petition, and, in fact, the facts therein are admitted by plaintiff in his brief. The plaintiff's allegation that the attempted service was only to notify the defendant of the institution of the bill is of no consequence. Service was attempted on the defendant in a manner that has no legal significance, and upon these facts being brought to the attention of the court, the service should be set aside. The argument that the defendant must wait until a return of the service is made and docketed and judgment taken for want of an answer is palpably erroneous.

And now, to wit, May 8, 1931, the rule to set aside service of the bill of complaint upon the defendant for want of jurisdiction is made absolute.